# FENNESSY-WILSON, LIMITED, *v.* J. A. BENN, DEFENDANT, AND MUTUAL TELEPHONE COMPANY, AN HAWAIIAN CORPORATION, GARNISHEE.

## No. 1595.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

SUBMITTED FEBRUARY 9, 1925.                   DECIDED APRIL 1, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

ANSWER—*time of filing—affidavit of merits.*

> Under R. L. 1915, Sec. 2361 (now R. L. 1925, Sec. 2351), a defendant, in an action upon a promissory note commenced within six months of the dishonor of the note, is at liberty, without first obtaining permission of the court, to file an affidavit of merits and an answer after the ordinary time for answering has expired and after a motion for judgment on the pleadings has been made, provided an order of default has not been at the time filed.

OPINION OF THE COURT BY PERRY, J.

This is an action at law on a promissory note dated August 5, 1922, and payable August 5, 1923. The action was commenced on January 31, 1924, within six months of the dishonor of the note. On February 19, 1924, the defendant filed an answer of general denial and a demand for jury trial and on November 13, 1924, he filed an affidavit stating that "he has a good defense to said action brought by the plaintiff herein, on the merits" but not specifying what the "good defense" was. The cause came on for trial before the court and jury on November 26, 1924. Prospective jurors were examined by counsel on both sides, one peremptory challenge was exercised on behalf of each of the parties and a jury was empaneled and sworn. Plaintiff then

moved for judgment on the pleadings on the ground that an affidavit of merits had not been filed setting up a good cause of defense, as required by our statutes, and on the further ground that the answer which had been filed was a nullity by reason of the absence of an affidavit of merits. Thereupon, at 9:50 o'clock a. m. of the day of the trial a recess was had at the request of defendant's counsel, the court resuming business at 10:29 o'clock a. m. At the hour last mentioned, both parties being before the court and the motion for judgment on the pleadings being undisposed of and pending for argument, counsel for the defendant presented an affidavit and asked that the same be filed and it was filed. This was at 10:29 a. m. At 10:30 a. m. defendant's attorney presented an answer of general denial and asked that the same be filed and it was filed. Thereupon and continuing until 11:07 a. m. the opposing attorneys argued the motion for judgment on the pleadings. Thereafter the jury was recalled into the court room and the court rendered its ruling granting the motion for judgment on the pleadings. Upon an instruction to that effect the jury without leaving its seats returned a verdict for the plaintiff and later judgment for the plaintiff was entered in accordance with the verdict. The case comes to this court upon the defendant's exceptions to this ruling, instruction, verdict and judgment.

In the affidavit filed on the day of the trial the defendant deposed as follows: "that he has a good defense on the merits in the above entitled action. That said defense is the following: That the promissory note sued upon was given without consideration; that the consideration therefor has failed; that said note was signed at the time a certain contract for the purchase of an automobile was made between defendant and plaintiff, one

of the terms of which was that the sum of $846.00 (for which said promissory note was given) was to be the final purchase price of said automobile if and when defendant should elect to purchase same—and that defendant has never elected to purchase said automobile, but on the contrary returned same to plaintiff early in January, 1924, and that plaintiff accepted the surrender of said automobile and has ever since retained same, and that said promissory note, having thus been given upon a contingency that was never fulfilled, is not now enforcible, as to the whole or any part thereof, against defendant."

Sections 2360 and 2361, R. L. 1915, which were in force at the time of the institution of this action as well as on the date of the trial, read as follows:

"Sec. 2360.   Demurrer or .general issue.   It shall be incumbent upon every defendant served with process of summons as hereinbefore provided, within the time specified in the summons or order of publication, to file with the clerk of the court, an answer to the plaintiff's demand, either admitting all the facts stated in the petition to be true, and denying that they are sufficient in law to support the plaintiff's demand, which shall form an issue of law to be determined by the court, or denying the truth of the facts stated in the petition, which shall form an issue of fact to be determined by the jury.   Provided that in all cases where the defendant is sued as the maker, drawer, acceptor or indorser of any banker's check, promissory note, bill of exchange, or other negotiable security, he shall not be allowed to file an answer unless he shall file therewith an affidavit made by himself or by some person cognizant of the facts, on his behalf, that the defendant has a good defense to the action, on the merits, and stating some substantial ground of defense to the action, if such action be commenced within six months after the dishonor of the instrument on which the action is brought.

"Sec. 2361.   Proof, order; assessment, judgment; liqui-

dated demand.  In case the defendant does not put in an answer to the petition as hereinbefore required, the plaintiff may prove service of the summons by personal delivery or otherwise, and default in answering, by the clerk's certificate, and shall thereupon be entitled to demand and receive of the court, or judge at chambers, an order declaring the defendant in default, and authorizing the clerk, if the demand be upon a promissory note or any other voucher contemplated by section 2343, to assess the amount of the plaintiff's claim, principal, damages and interest, and to enter up judgment therefor and for the costs.  Provided, however, that any defendant, in any civil action or proceeding either at law or in equity, shall be at liberty to file any appropriate plea or answer, at any time before and until the court in which or the judge before whom such action or proceeding shall be pending, shall make and sign an order declaring such defendant to be in default for the want of such plea or answer, and thereafter until such order shall be duly filed with the clerk or other appropriate officer of the court."

The affidavit filed by the defendant on the day of the trial would seem to suffice as an affidavit of merits within the meaning of the proviso in section 2360.  There is no contention by the plaintiff to the contrary.  It is contended, however, that it was filed too late because subsequent to the making of the motion for judgment on the pleadings and that the motion for judgment must be regarded as having been made at a time when the only pleading filed was the declaration and when no answer and no affidavit of merits had been filed since the attempted answer of February 19, 1924, and the attempted affidavit of November 13, 1924, were mere nullities.  It is true that in such an action as that at bar, under the proviso of section 2360, the defendant is not allowed to file an answer unless he shall file therewith an affidavit of the kind in that section described; and it is also true that the affidavit first filed did not comply with these requirements and that it and the original answer should

be regarded as mere nullities. But section 2361, while it does not repeal section 2360, must be given effect, equally with section 2360. The language of the proviso of section 2361 is entirely clear and unambiguous. It leaves no room for interpretation or construction. The command of the legislature, expressed in that proviso, is that if a defendant in such an action has failed for whatever reason to comply with the provisions of section 2360 relating to an answer and an affidavit, he nevertheless "shall be at liberty" to file "any appropriate plea or answer, at any time" before the court or judge "shall make and sign an order" of default "and thereafter until such order shall be duly filed with the clerk or other appropriate officer of the court." To say that the defendant in such a case "shall be at liberty to file" a plea or answer means that such a defendant has the absolute right to so file an answer without application to or permission from the court. The time within which this right may be exercised is expressed with equal clearness. It does not even terminate with the making and signing of an order declaring defendant to be in default but continues "thereafter until such order shall be duly filed." Such a provision is based upon sound, substantial reason. The procedure in judicial proceedings should be such as to attain substantial justice for the parties. If a defendant sued in such an action as this has a defense which in justice and in law should result in a judgment in his favor, he should be permitted up to the last practicable moment to state and present that defense irrespective of whether his earlier failure to comply with the requirements of section 2360 was due to accident or to inadvertence or even to negligence of his attorney. The liberty thus accorded to a defendant to file a proper affidavit and answer at the last minute does not militate against the recovery by the plaintiff of his substantial

rights, if he has any. The issues formed are still to be tried by a competent tribunal, the court and the jury. If the affidavit and the answer tardily filed cause any surprise to the plaintiff a continuance of the trial can readily be obtained from the presiding judge, sufficient to enable the plaintiff to meet the unexpected defense. The Hawaiian cases cited by plaintiff's counsel are not upon the point now before us. The proviso of section 2361 was added to the preexisting law in 1909 (see Act 109 of the laws of that year). Some of the cases cited were decided before 1909, in view of the earlier statute only. In the other cases the precise question now before us was not considered.

It is unnecessary to consider whether in this jurisdiction a judgment upon the pleadings may be had when the only pleading before the court is the declaration and in the absence of any plea or answer, because, although section 2361 deals primarily with defendants who are in default, the provision that such a defendant shall be at liberty to file any plea or answer within the extended time specified gives a defendant the absolute right to so file a plea or answer whether the same is intended as a means of warding off a judgment by default or is intended as a means of warding off a judgment upon the pleadings.

So also, it is unnecessary to consider whether under the particular circumstances of this case the plaintiff waived his right to raise the question of the insufficiency of the affidavit of November 13, 1924, and of the answer of February 19, 1924, because, as above appears, the defect was cured by the filing of the affidavit and the answer of November 26, 1924.

The exceptions are sustained, the judgment and the verdict are set aside and a new trial is granted.

*Robertson & Castle* for plaintiff.

*Watson & Lymer* for defendant.